IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO ANTONIO GONDOLA, #A21566413, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2489 |
| ALBERTO GONZALEZ, *et al.*, | § § § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Roberto Antonio Gondola, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, in Houston, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an adverse decision by the Board of Immigration Appeals ("BIA"), which affirmed an administrative order of removal entered by a local immigration judge. He also seeks a stay of deportation. For reasons outlined below, the Court concludes that the petitioner is not entitled to a stay of deportation. The Court further directs the petitioner to show cause within twenty days why this case should not be transferred to the Fifth Circuit for lack of jurisdiction.

**I.   BACKGROUND**

A native and citizen of Panama, Gondola filed a petition for naturalization in 1985. (Docket Entry No. 1, Exhibit A). Gondola received a notice advising him of a preliminary naturalization hearing on September 3, 1985. (Docket Entry No. 1, Exhibit B). Ultimately, however, Gondola's naturalization petition was denied for "lack of prosecution" on

December 8, 1989. (Docket Entry No. 1, Exhibits C, L). Gondola did not pursue naturalization further. Subsequently, in 1992, Gondola was convicted of possession and delivery of cocaine. As a result, a local immigration judge entered an order of removal against Gondola in 2004.

Gondola contends that the removal order was entered in error because the government mailed his "Oath of Allegiance" to the wrong address during his naturalization proceeding. Gondola argues that, but for the government's error, he would have become a naturalized United States citizen prior to his criminal conviction, meaning that he could not be deported for his drug offense. The immigration judge rejected these arguments, and the BIA recently affirmed the removal order on June 20, 2005. (Docket Entry No. 1, Exhibit K).

## II.    STAY OF REMOVAL

Gondola requests a stay of removal on the grounds that his removal order was entered in error. (Docket Entry No. 2). The decision whether to grant a stay of removal is governed by the four-factor test applied to preliminary injunctions: (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the [alien] outweighs the harm to the [government] if a stay is not granted; and (4) that the granting of the stay would serve the public interest. *Tesfamichael v. Gonzalez*, 411 F.3d 169, 172 (5th Cir. 2005).

The petitioner's motion for a stay barely exceeds one page and addresses none of the above-referenced factors. The habeas corpus petition also fails to satisfy the four-factor test. A significant amount of time elapsed from the date he filed his naturalization petition in

1985, and the date it was dismissed for lack of prosecution in 1989. He does not detail what actions he took during that time to keep immigration officials informed of his status; nor does he otherwise show what efforts he made to pursue his naturalization petition. Moreover, the petitioner relies mainly on *United States v. Estrada-Trochez*, 66 F.3d 733 (5th Cir. 1995), which holds that the government complies with due process where it sends a "Notice To Appear" for a deportation hearing to the alien's last known address. Assuming that the government did send his "Oath of Allegiance" to an incorrect address, the petitioner cites no case which holds that this type of error in the naturalization context warrants relief from removal following a criminal conviction. Thus, the petitioner falls far short of his burden to clearly demonstrate a likelihood of success on the merits.

The petitioner also fails to meet his burden with respect to the other factors. In that respect, the petitioner does not allege that his removal is imminent or show that he will be irreparably harmed if a stay is not granted. Moreover, in light of his drug conviction, he does not show that denial of a stay will disserve the public interest or that any harm resulting from the lack of a stay will outweigh harm to the government. Because the petitioner does not satisfy the four-prong test, his request for a stay of removal is denied.

**III.   HABEAS JURISDICTION**

There is substantial doubt about whether this Court has jurisdiction to entertain the habeas corpus petition in this case. According to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), immigration habeas petitions are subject to the following jurisdictional provision:

3

>   (5)   Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This new provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act. *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)).

The petitioner's removal order was entered by an immigration judge in Houston, Texas, which means he should have filed a petition for review of the BIA's decision with the Fifth Circuit. The petitioner does not indicate whether he has filed a petition for review. Nevertheless, because the petitioner seeks judicial review of an administrative removal order, it appears that the exclusive jurisdiction provisions of the REAL ID Act apply to his writ of habeas corpus, meaning that there is no district court jurisdiction over his habeas petition.

Where a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)). Recently, the Fifth Circuit has issued an administrative order instructing district courts to provide parties with an opportunity to stipulate to, or brief the propriety of, a transfer order. Because it appears that jurisdiction

is lacking, the petitioner must comply as directed below by showing that a transfer is not appropriate in this case.

IV. **CONCLUSION AND ORDER**

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for a stay of deportation (Docket Entry No. 2) is **DENIED**.

2. The petitioner is **ORDERED** to show cause within twenty days of the date of this order why this case should not be transferred to the Fifth Circuit. <u>If the petitioner fails to comply on time, the Court may dismiss this case without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.</u>

The Clerk will **provide copies** of this order to: (1) the petitioner, and (2) the United States Attorney for the Southern District of Texas, Attention: Howard Rose, Assistant U.S. Attorney, P.O. Box 61129, Houston, Texas 77208-1129.

SIGNED at Houston, Texas, on **July 21, 2005**.

_____
Nancy F. Atlas
United States District Judge