IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO ANTONIO GONDOLA, #A21566413, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2489 |
| ALBERTO GONZALEZ, *et al*., | § § § | |
| Respondents. | § | |

**ORDER OF TRANSFER**

The petitioner, Roberto Antonio Gondola, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, in Houston, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an adverse decision by the Board of Immigration Appeals ("BIA"), which affirmed an administrative order of removal entered by a local immigration judge. (Docket Entry No. 1). At the Court's request, Gondola has also filed a response to a show cause order regarding jurisdiction. (Docket Entry No. 5). After reviewing all of the pleadings, the Court concludes that it lacks subject matter jurisdiction over the petition, and that this case must be transferred to the United States Court of Appeals for the Fifth Circuit for reasons set forth briefly below.

I.   **DISCUSSION**

The background in this case is set forth in a Memorandum and Order entered previously on July 21, 2005, and will not be repeated here. (Docket Entry No. 3). It is

sufficient to note that Gondola is a native and citizen of Panama, who was convicted of possession and delivery of cocaine. Because of this criminal conviction, an immigration judge in Houston, Texas, entered an order of removal against Gondola in 2004. Gondola contends that the removal order was entered in error because the government had mailed certain paperwork in connection with his naturalization application to the wrong address, causing that proceeding to be dismissed. Gondola argues that, but for the government's error, he would have become a naturalized United States citizen prior to his criminal conviction, meaning that he could not be deported for his drug offense. The BIA rejected these arguments and affirmed the removal order on June 20, 2005. (Docket Entry No. 1, Exhibit K).

Gondola now seeks a federal writ of habeas corpus to challenge the final order of removal entered against him. However, Congress recently passed the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), which proscribes federal habeas corpus review of immigration removal orders. In particular, Section 106 of the REAL ID Act amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional provision:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This new provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act. *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)). Because the petitioner seeks judicial review of a final order of removal, the exclusive jurisdiction provisions of the REAL ID Act apply to his writ of habeas corpus.

The Court has given the petitioner an opportunity to demonstrate that jurisdiction is appropriate in the district court. However, the petitioner's response fails to show that jurisdiction over his petition is not preempted by REAL ID. According to that statute, where a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)). Because this Court lacks subject matter jurisdiction over the petition, this case must be transferred to the Fifth Circuit, which has exclusive jurisdiction to hear the petitioner's claims.

II.     **CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** the Clerk of Court to **TRANSFER** this case to the Fifth Circuit.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on 16th day of August, 2005.

Nancy F. Atlas
United States District Judge

3